UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-21384

ANDREW DELGADO,

    Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINE,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES**
**AND DEMAND FOR TRIAL BY JURY**

Plaintiff, ANDREW DELGADO ("Plaintiff"), through undersigned counsel, sues Defendant, CARNIVAL CORPORATION, a Panamanian Corporation, d/b/a CARNIVAL CRUISE LINE ("Defendant"), and demands trial by jury, stating as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333.

3. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states and/or citizens of a state and citizens or subjects of a foreign state.

4. Suit is filed in federal court because of the federal forum selection clause in the passenger contract ticket issued by Defendant.

5. Plaintiff is *sui juris* and is a resident and citizen of the state of Alabama.

6. Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the state of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County, Florida.

7. Defendant is a dual citizen of the state of Florida and the nation of Panama.

8. Defendant, at all times material hereto, personally or through an agent, in Miami-Dade County, Florida, in the Southern District of Florida:

   a. Operated, conducted, engaged in or carried on a business venture; and/or

   b. Had an office or agency; and/or

   c. Engaged in substantial activity; and/or

   d. Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 or 48.193.

9. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

**DEFINITIONS AND FACTUAL ALLEGATIONS**

10. Hereinafter, the phrase, the "subject area," shall include, but not be limited to, the floor/deck and surfaces thereof, marble, and all material and effects pertaining thereto, including any anti-slip/skid material that was applied or that should have been applied, and/or other parts thereof, the lighting in the subject area, drains that were or should have been in the area to reduce the amount of liquid in the area, any sources of liquid in the subject area and/or the sources of the liquid involved in Plaintiff's incident, the area and surface's design and/or visual condition, and/or any other applied, adhesive, and/or other material, and/or the ship's stabilizing fins/mechanisms.

11. At all times material hereto, Defendant owned, operated, maintained, managed, and/or controlled the subject area and the vicinity involved in Plaintiff's incident.

12. At all times material hereto, Defendant owned, operated, maintained, managed, and/or controlled the cruise ship, the Carnival *Glory*.

13. On or about January 20, 2022, at around 7:30 p.m., while Plaintiff was walking through the glass doors into the ship on Defendant's vessel in a normal and proper manner, he slipped and fell on water. As a result, Plaintiff suffered severe injuries and/or other damages/injuries.

14. The dangerous and/or risk creating conditions include, but are not limited to, the following conditions present on the date of Plaintiff's incident:

   a. The floor Plaintiff slipped on was contaminated with a foreign liquid substance.

   b. The floor Plaintiff slipped on was unreasonably slippery.

   c. The floor Plaintiff slipped on was poorly maintained such that it was unreasonably slippery.

   d. The floor Plaintiff slipped on lacked adequate slip resistant material.

   e. The floor Plaintiff slipped on was uneven and not uniform in dimensions.

   f. The visual condition of the floor was such that it was difficult for Plaintiff to decern that it was slippery prior to Plaintiff's fall.

   g. There were no adequate handrails in the subject area.

   h. There was either non-existent drainage for the subject floor or any such drainage was not reasonably draining liquid from the subject area at the time of Plaintiff's incident.

   i. There was inadequate lighting in the area.

   j. There were no adequate warnings in the subject area.

 k. Defendant either did not have proper rules or failed to adequately enforce such rules prohibiting wearing sandals in areas such as where Plaintiff fell that were known or should have been known to be a risk creating condition for passengers slipping and/or falling.

 l. There was no rug on the subject surface to prevent it from becoming slippery.

 m. Other conditions that may be revealed in discovery, as discovery is ongoing.

15. In addition, Defendant either knew or should have known of these risk-creating and/or dangerous conditions, due to reasons that include, but are not limited to, the following:

 a. Plaintiff's wife, Wendy Delgado, observed the floor in a mopped condition after Plaintiff's incident, indicating that Defendant's crewmembers had mopped the area, but she did not observe any warning signs in the area, nor any rug on the surface where Plaintiff fell.

 b. After Plaintiff fell, Plaintiff observed that the floor had a shiny look when observed when he was down on the floor, and appeared to be wet.

 c. Plaintiff previously observed Defendant's crew members regularly use and/or observe the subject floor, and Plaintiff recalls seeing them use and/or observe them on at least five, if not more, prior occasions between the first day of Plaintiff's cruise and the time of Plaintiff's incident, such that Plaintiff reasonably infers that these crew members regularly used the floor and therefore were or should have been familiar with the dangerous and/or risk-creating conditions thereof.

 d. The water on the subject floor must have been there for a lengthy period of time, because prior to Plaintiff's fall, he saw that it was raining outside the ship near the subject area, and also saw that passengers were coming into the interior of the ship

from the outside through the doors near the subject area. However, Plaintiff did not observe any wet floor signs or other warnings.

e. Previous passengers suffered prior slip and fall incidents involving similar surfaces on its ships, including, but not limited to, the Plaintiff in *Kroll v. Carnival Corp.*, Case No. 1:19-cv-23017-JG, *Nembhard v. Carnival Corp.*, 1:19-cv-22954-FAM, and *Tittle v. Carnival Corporation*, Case 1:21-cv-23647-KMW.

f. Upon information and belief, Defendant participated in the installation and/or design of the subject floor, or alternatively, Defendant accepted the ship with this floor and its design defects present after having been given an opportunity to inspect the ship and the materials on it, including the subject floor, such that Defendant should have known of the design defects of the subject floor before providing it for use by the public. These design defects include, but are not limited to, the structural dangers outlined in Plaintiff's previous summary of the dangerous conditions.

g. Upon information and belief, there are relevant safety standards/recommendations/other guidelines regarding the safety of the subject floor and its surfaces, handrails, and drains (if any), including, but not limited to, the proper slip-resistance for them, the proper dimensions for them, and their proper functionality, and Defendant should have known of these standards because whether such standards are legally required for Defendant to comply with or not, a fact-finder is entitled to determine, if it so choses, that these standards/recommendations/other guidelines show what a reasonable Defendant should have done.

h. For other reasons that may be revealed in discovery, as discovery is ongoing.

16. At all times relevant, the subject area was unreasonably dangerous, risk-creating, defective, outdated, improperly designed, improperly installed, and/or otherwise unsafe.

17. The subject area and the vicinity lacked adequate safety features to prevent Plaintiff's incident.

18. These hazardous conditions were known, or should have been known, to Defendant in the exercise of reasonable care.

19. These hazardous conditions existed for a period of time before the incident.

20. These conditions were neither open nor obvious to Plaintiff.

21. At all times relevant, Defendant failed to adequately inspect the subject area and the vicinity for dangers, and Defendant failed to adequately warn Plaintiff of the dangers.

22. At all times relevant, Defendant failed to eliminate the hazards.

23. At all times relevant, Defendant failed to maintain the subject area and the vicinity in a reasonably safe condition.

24. At all times relevant, Defendant participated in the design and/or approved the design of the subject area and the vicinity involved in Plaintiff's incident.

25. At all times relevant, Defendant participated in the installation and/or approved the installation of the subject area and the vicinity involved in Plaintiff's incident.

26. The crewmembers of the Carnival *Glory* were in regular full-time employment of Defendant and/or the ship, as salaried crewmembers, subject to the ship's discipline and master's orders.

27. Defendant had the right to hire and fire its crew.

28. Defendant is directly responsible and liable for its actions and the actions of its crew.

29. The crewmembers were employees and/or actual agents and/or apparent agents of Defendant and acted within the course and scope of their employment and/or agency agreement and/or relationship.

30. The crewmembers were represented to Plaintiff and the ship's passengers as employees of Defendant through signs, documents, and/or uniforms. The crewmembers were also paid a salary and/or an hourly wage by Defendant. Defendant knew that the crewmembers represented themselves to be employees of Defendant and allowed them to represent themselves as such. Plaintiff detrimentally relied on these representations as she would not have proceeded on the subject cruise had he believed the crewmembers were not employees of Defendant.

## COUNT I
## NEGLIGENT FAILURE TO WARN OF DANGEROUS CONDITIONS

31. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 30 as if set forth herein.

32. At all times relevant, Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers, including Plaintiff.

33. Such duty includes, but is not limited to, the duty that Defendant owes to warn passengers of any dangers that it knew or should have known that were not open and obvious to Plaintiff.

34. Such duty also includes, but is not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

35. At all times material, Defendant, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with Defendant, breached the duty of reasonable care owed to Plaintiff and was negligent by failing to warn Plaintiff of the dangerous conditions previously identified in the instant complaint.

36. In addition, Defendant either knew or should have known of this risk creating and/or dangerous conditions, due to reasons that include, but are not limited to, the reasons previously discussed in the instant complaint.

37. These dangerous conditions were also created by Defendant.

38. Defendant either failed to adequately inspect the subject area and the vicinity to ensure that there were no dangerous conditions that passengers needed to be warned of, or Defendant failed to warn Plaintiff despite knowing of the dangers.

39. Furthermore, the subject area and the vicinity were also on a cruise ship in the open water subject to numerous maritime conditions such as the ship's movement, additional wear and tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

40. These dangerous conditions existed for a period of time before the incident.

41. These conditions were neither open nor obvious to Plaintiff.

42. Defendant's breach was the cause in-fact of Plaintiff's great bodily harm in that, but for Defendant's breach, Plaintiff's injuries would not have occurred.

43. Defendant's breach proximately caused Plaintiff great bodily harm in that the incident that occurred was a foreseeable result of Defendant's breach.

44. As a result of Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity, and loss of the value of Plaintiff's vacation, cruise, and transportation costs.

45. The losses are either permanent or continuing in nature.

46. Plaintiff has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, ANDREW DELGADO, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of ability to earn money, loss of the value of Plaintiff's vacation, cruise, and transportation costs, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT II
## NEGLIGENT DESIGN, INSTALLATION, AND/OR APPROVAL OF THE SUBJECT AREA AND THE VICINITY

47. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 30, as if set forth herein.

48. At all times material hereto, Defendant owed a duty to its passengers, and in particular to Plaintiff, not to permit hazards to be in places where they could harm passengers, such as the area of the incident, as well as to design and install reasonable safeguards.

49. At all times material hereto, Defendant participated in the design process of the subject vessel by generating design specifications for the shipbuilder to follow and put the vessel on which Plaintiff was injured into the channels of trade, and/or Defendant approved of the subject vessel's design, including the design of the subject area and the vicinity.

50. At all times material hereto, Defendant manufactured, designed, installed, and/or approved of the Carnival *Glory*, including providing specifications to the shipbuilder in the

original build process, and/or during its refurbishments, and as such owed a duty to its passengers, and in particular to Plaintiff, to design, install and/or approve of the subject area and the vicinity without any defects.

51. Defendant provides design elements of the vessels to the ship builder and/or approves of design elements which include the subject area and the vicinity.

52. Defendant maintains the contractual right to participate, review, modify, and/or reject the design plans and drawings of the vessels, including the Carnival *Glory*, during the new build process.

53. Defendant has the right to enter the ship and inspect it during construction to ensure that it is being constructed in accordance with the design specifications and has a right to insist on changes when safety concerns are identified.

54. Defendant has the right to inspect and reject design elements before taking possession of the ship.

55. At all times material hereto, Defendant knew or had reason to know of the dangerous conditions previously identified in the instant complaint, due to reasons that include, but are not limited to, those reasons previously discussed in the instant complaint.

56. Defendant also should have known of these dangerous conditions through inspecting the subject area and the vicinity involved in Plaintiff's incident, and if it did not know of these dangerous conditions, this was because it failed to adequately inspect the subject area and the vicinity involved in Plaintiff's incident.

57. However, Defendant through its agents and/or employees who were acting in the course and scope of their employment and/or agency with Defendant, designed, installed, and/or approved of the subject area and the vicinity involved in Plaintiff's incident, which was also in

violation of the applicable industry standards/recommendations/and/or other guidelines, and Defendant approved of the ship's and area's design when it accepted the subject ship from the shipbuilder, among other instances of approval.

58. Negligent design is a cognizable claim under general maritime law, and it can be proven through evidence that a Defendant approved of the designs at issue. *See, e.g., Hoover v. NCL (Bahamas) Ltd.*, No. 19-22906-CIV, 2020 WL 5834742, at *2 (S.D. Fla. Sept. 29, 2020).

59. Furthermore, the subject area and the vicinity were also on a cruise ship in the open water subject to numerous maritime conditions such as the ship's movement, additional wear and tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

60. However, Defendant permitted dangerous deficiencies to be present in the subject area and the vicinity without correcting these design deficiencies and did not design and install reasonable safeguards.

61. The design flaws that made the subject area and the vicinity involved in Plaintiff's incident unreasonably dangerous were the direct and proximate cause of Plaintiff's injuries.

62. Defendant is liable for the design flaws of the vessel, including of the subject area and the vicinity involved in Plaintiff's incident, which it knew or should have known of.

63. Defendant failed to correct and/or remedy the defective conditions despite the fact that it knew or should have known their danger.

64. As a result of Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity, and loss of the value of Plaintiff's vacation, cruise, and

transportation costs.

65. The losses are either permanent or continuing in nature.

66. Plaintiff has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, ANDREW DELGADO, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of ability to earn money, loss of the value of Plaintiff's vacation, cruise, and transportation costs, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT III
## NEGLIGENCE AGAINST DEFENDANT FOR THE ACTS OF ITS CREWMEMBERS BASED ON VICARIOUS LIABILITY

67. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 30, as if set forth herein.

68. Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

69. To the extent Defendant contests its responsibility for the conduct of its crew members, including specifically the crewmembers who were or were supposed to be mopping/squeegeeing in the subject area when they knew or should have known that the area had become dangerously wet from rain and/or other water, but who failed to adequately remedy the dangers and who failed to put out adequate warnings, as well as the crew member(s) that failed to

adequately inspect, clean, and/or maintain the subject area and the vicinity, warn passengers of the risk creating and/or dangerous conditions, and/or do other activities to help make sure the subject area and the vicinity were safe, Plaintiff alleges that these individuals were agents of Defendant, for the following reasons:

70. The crewmembers were the employees of Defendant, or were Defendant's agents, apparent agents, and/or servants.

71. The crewmembers were subject to the right of control by Defendant.

72. The crewmembers were acting within the scope of their employment or agency.

73. Defendant acknowledged that the crew and officers would act on Defendant's behalf, and they accepted the undertaking.

74. Defendant is vicariously liable for the acts of its crewmembers.

75. This negligence proximately caused Plaintiff great bodily harm in that, but for this negligence, Plaintiff's injuries would not have occurred.

76. As a result of Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity, and loss of the value of Plaintiff's vacation, cruise, and transportation costs.

77. The losses are either permanent or continuing in nature.

78. Plaintiff has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, ANDREW DELGADO, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages

and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of ability to earn money, loss of the value of Plaintiff's vacation, cruise, and transportation costs, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT IV
## NEGLIGENT FAILURE TO INSPECT, CLEAN, MAINTAIN, REPAIR, REMEDY, AND/OR TAKE OTHER REASONABLE MEASURES FOR THE SAFETY OF PLAINTIFF

79. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 30 as if set forth herein.

80. Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

81. This duty includes, but is not limited to, the duty to provide its passengers reasonable care by adequately inspecting, cleaning, maintaining, repairing, and/or remedying the subject area and the vicinity, and/or making other efforts to make sure the subject area and the vicinity were safe for the use and enjoyment of its passengers.

82. At all times material, Defendant, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with Defendant, breached the duty of reasonable care owed to Plaintiff and were negligent by failing to adequately inspect, clean, maintain, repair, and/or remedy the subject area and the vicinity, and/or to make other efforts to make sure the subject area and the vicinity were safe, such that the unreasonably risk creating and/or dangerous conditions previously identified in the instant complaint were present at the time of Plaintiff's incident.

83. In addition, Defendant either knew or should have known of these risk-creating and/or dangerous conditions, due to reasons that include, but are not limited to, the reasons previously discussed in the instant complaint.

84. Moreover, this risk or these risks creating and/or dangerous conditions were caused by design defects and/or by Defendant's failure to adequately inspect, clean, maintain, repair, and/or remedy the subject area and the vicinity, and/or make other efforts to make sure the subject area and the vicinity were safe.

85. Defendant's failure to adequately clean, maintain, repair, and/or remedy the subject area and the vicinity, and/or to make other efforts to make sure the subject area and the vicinity were safe, was either due to its failure to adequately inspect the subject area and the vicinity prior to Plaintiff's incident to ensure they were in a reasonably safe condition, or due to its failure to adequately clean, maintain, repair, and/or remedy the subject area and the vicinity, and/or to make other efforts to make sure the subject area and the vicinity were safe, despite its knowledge of the dangerous conditions, which posed a risk to its passengers.

86. Furthermore, the subject area and the vicinity were also on a cruise ship in the open water subject to numerous maritime conditions such as the ship's movement, additional wear and tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

87. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred.

88. As a result of Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages,

and loss of future earning capacity, loss of the value of Plaintiff's vacation, cruise, and transportation costs.

89. The losses are either permanent or continuing in nature.

90. Plaintiff has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, ANDREW DELGADO, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, and lost earning capacity, loss of the value of Plaintiff's vacation, cruise, and transportation costs, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

(Space Intentionally Blank)

## DEMAND FOR JURY TRIAL

Plaintiff, ANDREW DELGADO, demands trial by jury on all issues so triable.

**Dated:** May 3, 2022.

Respectfully submitted,

*/s/ Matthias M. Hayashi*
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Abby H. Ivey, Esq.**
Florida Bar No.: 1002774
aivey@aronfeld.com
**Matthias M. Hayashi**
Florida Bar No.: 115973
mhayashi@aronfeld.com
**ARONFELD TRIAL LAWYERS**
One Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:     (305) 441.0440
F:     (305) 441.0198
*Attorneys for Plaintiff*
