UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21384-COOKE/DAMIAN

ANDREW DELGADO,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.

_____/

**ORDER ON PLAINTIFF'S
MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES [ECF NO. 15]**

THIS CAUSE is before the Court on Plaintiff, Andrew Delgado's ("Plaintiff"), Motion to Strike Defendant's Affirmative Defenses (the "Motion"), filed July 12, 2022. [ECF No. 15]. This matter was referred to the undersigned by the Honorable Kathleen M. Williams, United States District Judge, on behalf of the Honorable Marcia G. Cooke, United States District Judge. [ECF No. 20]. *See* 28 U.S.C. § 636(b)(1)(A).

The Court has reviewed the parties' memoranda [ECF Nos. 15, 16 and 19], the pertinent portions of the record, and all relevant authorities and is otherwise fully advised in the premises. For the reasons that follow, Plaintiff's Motion is granted in part.

    **I.    BACKGROUND**

This action arises out of injuries allegedly suffered by Plaintiff as the result of a slip and fall on water on board Defendant, Carnival Corporation's ("Defendant"), cruise ship.

Plaintiff filed the original complaint on May 3, 2022 [ECF No. 1], and the First Amended Complaint for Damages ("FAC") on June 13, 2022. [ECF No. 12]. In the FAC, Plaintiff asserts three counts against Defendant: Negligent Failure to Warn of Dangerous

Conditions (Count I); Negligent Design, Installation, and/or Approval of the Subject Area and the Vicinity (Count II); and Negligent Failure to Inspect, Clean, Maintain, Repair, Remedy, and/or Take Other Reasonable Measures for the Safety of Plaintiff (Count III). Defendant filed an Answer and Affirmative Defenses to the FAC on June 21, 2022. [ECF No. 13].

On July 12, 2022, Plaintiff filed the Motion now before the Court challenging eight (8) of Defendant's Affirmative Defenses: 1 (Failure to State a Claim); 2 (Terms and Conditions of Contract); 4 (Assumption of the Risk); 6 (Aggravation of Pre-existing Condition); 8 (Duty to Mitigate); 9 and 10 (*Fabre*); and 11 (Intervening Causes). Defendant responded on July 26, 2022 and, in the Response, indicates that it is withdrawing four of the challenged affirmative defenses: 2, 4, 9 and 10. [ECF No. 16 (the "Response")]. Defendant also argues that Plaintiff's Motion should be denied as to the remaining four affirmative defenses and, alternatively, seeks leave to amend any defenses the Court is inclined to strike. *Id*. Plaintiff filed a Reply on August 2, 2022. [ECF No. 19 (the "Reply")].

The Motion is fully briefed and ripe for adjudication. In light of Defendant's withdrawal of four of the challenged affirmative defenses, the Court will address the remaining four challenged defenses below.

## II. APPLICABLE LEGAL STANDARDS

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999). "Affirmative defenses 'are subject to the general pleading requirements of Rule 8(a)' of the Federal Rules of Civil Procedure." *Mushilla Holdings, LLC v. Scottsdale Ins. Co.*, No. 20-20832, 2020 WL 6135804, at

2

*1 (S.D. Fla. June 16, 2020) (Cooke, J.) (quoting *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-20608, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007) (Torres, J.)); *see also Melaih v. MSC Cruises, S.A.*, No. 20-61341, 2021 WL 3727837, at *3 (S.D. Fla. July 27, 2021) (Valle, J.) (discussing pleading standards and collecting cases).

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although a court has broad discretion when reviewing a motion to strike, such motions are considered "a drastic remedy" and are often "disfavored by the courts." *Simmons v. Royal Caribbean Cruises, Ltd.*, 423 F. Supp. 3d 1350, 1352 (S.D. Fla. 2019) (Ungaro, J.). Motions to strike are generally denied "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id.* (quoting *Bank of Am., N.A. v. GREC Homes IX, LLC*, No. 13-21718, 2014 WL 351962, at *4 (S.D. Fla. Jan. 23, 2014) (Altonaga, J.)).

An affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations or is insufficient as a matter of law. *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, No. 09-61490-CIV, 2010 WL 5393265, at *2 (S.D. Fla. Dec. 21, 2010) (Cooke, J.) ("Affirmative defenses, however, are subject to the general pleading requirements of [Federal Rule of Civil Procedure] 8(a) and will be stricken if they fail to recite more than bare-bones conclusory allegations.") (quoting *Home Mgmt. Solutions, Inc.*, 2007 WL 2412834, at *2); *Birren v. Royal Caribbean Cruises, Ltd.*, 336 F.R.D. 688, 692 (S.D. Fla. 2020) (Bloom, J.). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (Ryskamp, J.) (citation omitted).

Further, "a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Id.* Therefore, when considering a motion to strike affirmative defenses, the Court assesses whether the defense is legally sufficient to provide "fair notice" of the nature of the defense. *Mushilla*, 2020 WL 6135804, at *1 (quoting *Grovenor House, L.L.C. v. E.I. Du Pont De Nemours & Co.*, No. 09-21698, 2010 WL 3212066, at *2 (S.D. Fla. Aug. 12, 2010) (Cooke, J.)).

### III.  DISCUSSION

With the foregoing in mind, the Court considers whether Defendant's first, sixth, eighth, and eleventh affirmative defenses are sufficient as a matter of law and whether they provide fair notice of the nature of the defenses and the grounds upon which they rest.

#### A.  *Affirmative Defense Number 1*

Defendant's First Affirmative Defense states: "Plaintiff's Amended Complaint and each purported cause of action therein fails to state facts which are sufficient to constitute a cause of action against Defendant." [ECF No. 13 at 5, ¶ 1]. Plaintiff argues this is not a valid affirmative defense because it does not negate the allegations in the complaint and should have been raised as a motion to dismiss, and Plaintiff argues this affirmative defense is conclusory and fails to provide facts indicating how Plaintiff has failed to state a claim. *See* Motion 9–10. Defendant responds that this affirmative defense gives Plaintiff "notice of certain arguments Defendant will make should the facts developed during discovery support them." Response at 11.

Courts in this District routinely strike "failure to state a claim" defenses labeled as "affirmative defenses," because they do not constitute valid affirmative defenses. *See, e.g.,*

4

*Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, No. 09–cv-61490, 2010 WL 5393265, at *2 (S.D. Fla. Dec. 21, 2010) (Cooke, J.) (striking "failure to state a claim" affirmative defense and noting "[w]hile treating the 'failure to state a claim' affirmative defense as a denial, and allowing it to remain as an affirmative defense may be permissible, I believe the better practice is to properly label denials and affirmative defenses, and to keep these two defenses separate"); *Northrop & Johnson Holding Co. v. Leahy*, No. 16-cv-63008, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (Bloom, J.) (citing *Boldstar Tech. LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007) (Hurley, J.) ("Failure to state a claim is a defect in [a party]'s claim; it is not an additional set of facts that bars recovery notwithstanding [a party]'s valid prima facie case.")).

Consistent with the foregoing authority, the Court finds that Defendant's First Affirmative Defense, alleging failure to state sufficient facts to state a cause of action, is not a proper affirmative defense and must be stricken. Although Defendant sought leave to amend any stricken affirmative defenses, given that the defense is a legally invalid affirmative defense, it may not be reasserted, even if in a less conclusory manner, as an affirmative defense. However, should Defendant seek to assert this defense as a general denial in an amended pleading, it may do so.

Accordingly, Plaintiff's Motion to Strike Defendant's First Affirmative Defense is granted without prejudice to reassert the defense as a general denial in an amended pleading.

### B. *Affirmative Defense Number 6*

Defendant's Sixth Affirmative Defense states:

Plaintiff's injuries, if any, are the result of one or more pre-existing injuries or conditions which were not aggravated by the incident alleged in the Amended Complaint. Alternatively, if any pre-existing injury or condition was aggravated by any alleged incident herein, the Plaintiff is only entitled to

5

> reimbursement for the degree of aggravation, and any recovery Plaintiff obtains must be limited to the percentage of aggravation Plaintiff suffered as a result of the incident alleged.

[ECF No. 13 at 5, ¶ 6].

Plaintiff argues Defendant's Sixth Affirmative Defense should be stricken for several reasons: it is conclusory and fails to allege any facts supporting the affirmative defense; aggravation of a pre-existing condition is not a legally valid affirmative defense; and setoff for medical bill "write offs" is not a valid affirmative defense. Motion at 4–5, 8–9. Defendant responds that it is too early in the litigation to require any further details regarding its affirmative defense because it has not yet had the opportunity to conduct discovery. Response at 8–10. Defendant also argues that aggravation of a pre-existing condition is a legally valid affirmative defense under the law in the Eleventh Circuit and that the Eleventh Circuit's decision in *Higgs v. Costa Crociere*, 969 F.3d 1295 (11th Cir. 2020), governing medical write-offs, has no application here. *Id.* at 8–10.

Defendant's Sixth Affirmative Defense asserts that Defendant should not be liable for injuries resulting from Plaintiff's pre-existing conditions or from aggravation of such pre-existing conditions and that Defendant should only be liable for damages attributable to injuries or aggravation caused by injuries attributable to Defendant. A defense that a plaintiff's injuries are attributable in whole or in part to a preexisting condition is a legally valid affirmative defense in an admiralty action. *See Melaih*, 2021 WL 3727837, at *6, *report and recommendation adopted*, 2021 WL 3726210 (S.D. Fla. Aug. 23, 2021) (Smith, J.) (pre-existing condition); *Birren*, 336 F.R.D. at 694.

Although Plaintiff argues that the affirmative defense misstates the law, citing Florida Jury Instruction 501.5(a), the Court disagrees, finding, instead, that the wording of this

6

affirmative defense does not conflict with governing law or Florida's jury instruction. *See Birren*, 336 F.R.D. at 694 (refusing to strike nearly identical defense despite plaintiff's argument that the language of the defense misstated the law regarding pre-existing conditions in Florida Jury Instruction 501.5(a)); *Melaih*, 2021 WL 3727837, at *6 (same).

Plaintiff's argument based on the availability of setoffs for medical write-offs, however, does not appear to apply here. Defendant's Sixth Affirmative Defense, on its face, does not seek a setoff based on collateral source payments toward Plaintiff's medical bills or medical write-offs, and, therefore, the Court agrees with Defendant that the Eleventh Circuit's *Higgs* decision does not apply.

Thus, the Court finds that Defendant's Sixth Affirmative Defense is a legally valid affirmative defense. Given that this affirmative defense is legally valid, it is not "patently frivolous" or "clearly invalid as a matter of law." *See Morrison*, 434 F. Supp. 2d at 1318. The issue, then, is whether the defense is adequately pled such that it provides sufficient notice to Plaintiff of the nature of the defense and the grounds upon which it rests. The Court is mindful that Defendant has not yet had the opportunity to conduct discovery regarding facts to support its defenses, as well as the general understanding that a party need not plead such extensive facts in support of an affirmative defense as with a complaint. Nevertheless, as pled, the Sixth Affirmative Defense does not give any indication of the grounds upon which it rests and provides no facts whatsoever to show "how and why the defense . . . applies to [the] case." *Losada v. Norwegian (Bah.) Ltd.*, 296 F.R.D. 688, 691 (S.D. Fla. 2013) (King, J.). Rather, the barebones affirmative defense appears to have been asserted in an abundance of caution in case facts come to light upon which the defense may be relevant. If that were a sufficient basis for an affirmative defense, then every defendant would have a basis for asserting nearly

any legitimate affirmative defense that might arguably, eventually apply in any given case. That is more akin to shotgun pleading than fair notice.

If Defendant intends to pursue this defense, it will need to plead some factual basis to give Plaintiff fair notice of its defense. "Without some factual allegation in the [affirmative defense], it is hard to see how a [defendant] could satisfy the requirement of providing not only 'fair notice' of the nature of the [defense], but also 'grounds' on which the [defense] rests." *Home Mgmt. Sols.,* 2007 WL 2412834, at *3 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–556 (2007)).

Thus, Defendant's Sixth Affirmative Defense is insufficiently pled and will be stricken without prejudice to replead the defense in an amended pleading setting forth additional information demonstrating how the defense applies in this case.[1]

### C. *Affirmative Defense Number 8*

Defendant's Eighth Affirmative Defense states:

> To the extent that Plaintiff has failed to mitigate his damages, any recovery herein should be precluded or reduced to the extent that such mitigation by Plaintiff would have diminished or avoided Plaintiff's alleged losses, injuries, and/or damages.

[ECF No. 13 at 6, ¶ 8].

Plaintiff argues Defendant's Eighth Affirmative Defense should be stricken on the grounds it is a conclusory shotgun pleading. Motion at 2–3. The Court agrees.

Failure to mitigate damages is a valid affirmative defense in admiralty cases. *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1286 (11th Cir. 2000). However, like Defendant's Sixth

---

[1] The Court notes that this case has now been pending for six months, and the affirmative defenses at issue were asserted nearly five months ago. Thus, by this point, Defendant should have adequate information to know whether and how its alleged affirmative defenses apply in this case.

Affirmative Defense, as pled, Defendant's Eighth Affirmative Defense fails to provide any information regarding how it applies to the facts in this case and, instead, does appear to be pled in a shotgun manner.

Thus, Defendant's Eighth Affirmative Defense is insufficiently pled and will be stricken without prejudice to replead the defense in an amended pleading setting forth additional information demonstrating how the defense applies in this case.

### D. *Affirmative Defense Number 11*

Defendant's Eleventh Affirmative Defense states:

> The incident alleged in Plaintiff's Amended Complaint and the injuries flowing therefrom, if any, were the result of intervening and unforeseeable causes for which Defendant owed Plaintiff no duty.

[ECF No. 13 at 6, ¶ 11].

Plaintiff argues Defendant's Eleventh Affirmative Defense should be stricken on the grounds it is also a conclusory shotgun pleading. Motion at 9–11. The Court agrees.

Intervening or superseding cause is a legally valid affirmative defense in admiralty proceedings. *Wiegand v. Royal Caribbean Cruises Ltd.*, 473 F. Supp. 3d 1348, 1352 (S.D. Fla. 2020) (Graham, J.) ("Under general federal maritime law, a superseding cause defense, if successful, completely exculpates the defendant of any liability in the matter.").

However, like the preceding two affirmative defenses addressed above, Defendant's Eleventh Affirmative Defense is also conclusory and insufficiently pled, giving no clue as to what the intervening or superseding cause of Plaintiff's injuries was or may have been.

Therefore, Defendant's Eleventh Affirmative Defense is stricken without prejudice to replead with more facts demonstrating how the defense applies in this case.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Defendant's Affirmative Defenses [ECF No. 15] is **GRANTED IN PART AND DENIED IN PART** as follows:

1. **GRANTED** as to Affirmative Defense Numbers One, Six, Eight, and Eleven, and these affirmative defenses are **STRICKEN** without prejudice to replead; and

2. **DENIED AS MOOT** as to Affirmative Defense Numbers Two, Four, Nine, and Ten.

It is further

ORDERED AND ADJUDGED that any Amended Answer setting forth amended affirmative defenses consistent with the foregoing shall be filed within fourteen (14) days of the date of the instant Order.

**DONE AND ORDERED** in Chambers at Miami, Florida this 4th day of November 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Marcia G. Cooke, *U.S. District Judge*
Counsel of Record